IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04557-PAB

HERMES ALEJANDRO MERCHAN MARTINEZ,

Petitioner,

v.

WARDEN, AURORA CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Hermes Alejandro Merchan Martinez's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the petition") filed on October 14, 2026. Docket No. 8. Respondent filed a response on October 23, 2026. Docket No. 12.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. Docket No. 8 at 5. He alleges that he entered the United States and was paroled until November 4, 2022. *Id.*; *see also id*. at 9. He states that he has no final order of removal and no criminal convictions. *Id*. at 5. He claims that he submitted an application that is currently pending before U.S. Citizenship and Immigration Services. *Id.* Petitioner alleges that he was taken into ICE custody on September 12, 2026 while he was working as a Walmart delivery driver in Centennial, Colorado. *Id*. He states that he requested from ICE the documents explaining the legal basis for his detention but ICE personnel told

him that the documents could only be provided to an attorney. *Id*.

Petitioner asserts three claims in the petition, which he titles, "Unlawful continued immigration detention and due process," "Lack of meaningful opportunity to challenge detention," and "Request for prompt judicial review." *Id*. Liberally construing the petition, petitioner asserts that his warrantless arrest by ICE violated his due process rights, the Immigration and Nationality Act ("INA"), and the INA's regulations. *Id.* For relief, he requests that the Court order the government to produce the custody documents supporting his detention and, if the Court determines his present detention is unlawful, order his immediate release or, alternatively, an individualized custody/bond review. *Id.* at 7.

In response to the petition, Respondent states: "For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 12 at 1. Further, Respondent states that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of [the] Order, <u>release</u> Petitioner from detention. *Id*. at 1-2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

In *Santillan Quiroz*, 180 F.4th 1226, the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[1] 8 U.S.C. § 1226(a) (emphasis added). As noted above, petitioner claims that he was arrested without a warrant and that he is therefore entitled to release. Docket No. 8. Respondent does not address petitioner's claim. Therefore, the Court finds that petitioner was not arrested pursuant to a valid warrant, in contravention of 8 U.S.C. § 1226(a).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if

---

[1] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

> there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases). Respondent does not provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. Accordingly, the Court finds that respondent lacked statutory authority for the warrantless arrest and that petitioner's detention is thus unlawful. *See id.* at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondent has failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Vo. v. Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("[T]he Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant required by § 1226(a)."); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions

holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom*., 2026 WL 1452463 (W.D. Okla. May 22, 2026).

"[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Hermes Alejandro Merchan Martinez's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner Hermes Alejandro Merchan Martinez from custody, along with his personal possessions, within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED: October 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge